[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this complaint in the form of a civil CT Page 4666 action without any requested relief which this court chose to hear in the nature of a petition for writ of habeas corpus with relief requested against discrimination because of his religious beliefs. The petitioner, housed at MacDougall C.I., was assigned to the Commissary in a work detail placing food from shelves into bags. The petitioner testified that during his first work day that he explained to the supervising staff members that being Muslim he was prohibited from handling pork products which were contained among the food being placed in bags and that he said Muslim prayers five times per day and that one of the times would be about noon. He was accommodated by these staff people and fellow inmates so that he could avoid the pork products and was told an area where the Muslim prayers could be said for a five minute period at his break time. However on a subsequent day in January, 1998 while in the same Commissary the respondent who was one of the supervising staff refused to accommodate the petitioners request and showing distrust of the petitioners action reported the incident to Captain Viera. The petitioner testified that Viera checked out the petitioners religious claims and determined to remove him from the work detail "due to conflict between work and religion" and told him to request another work detail. Within a two week period he was assigned as a janitor and had that work until January 6, 1999 when he obtained a job in the kitchen which he had until his transfer to Corrigan C.I. He was transferred because of a fight with another inmate. Policy requires that one of the two be separated by transfer. The petitioner did not receive any sanctions by reason of any of his conduct at MacDougall.
Glen Sullivan a/k/a Askia Muhammad testified that he is presently employed part-time at MacDougall as a chaplain for Muslims. He is familiar with the petitioner and recalled that he came to him with the pork handling problem. He did not ask to have it compromised. He is aware that the staff at MacDougall accommodated for Muslim prayers which are only a problem at noon and three (3) p. m. when the inmates may be on a work detail.
Virginia Galemba, a counseling supervisor at MacDougall, testified that Muslims do work in the Commissary where there are bags of pork. The petitioner was removed from that job in January, 1998 "due to a conflict between work and religion." He received no disciplinary report for it nor was he singled out. He was placed on a work waiting list and placed about two (2) months later. CT Page 4667
Although the petitioners transfer has made the incident seemingly moot, a claim of discrimination does not go away. The court has to be impressed with the accommodation of the petitioner made by both staff and fellow inmates up to the time of the report made to Captain Viera. The court likewise finds that Captain Viera took reasonable action to remove the petitioner from a work detail where such conflict between work and religion exists. Where an accommodation requested is generously given, it is commendable. Where it is refused or expected, it becomes a problem. As indicated by Ms. Galemba there was plenty of other work which did not need such accommodation which would not conflict with the petitioner's religious beliefs. This was done without singling the petitioner out in a discriminatory way.
The court therefore finds that the petitioner has failed to prove his claim of discrimination and dismisses his petition.
Thomas H. Corrigan Judge Trial Referee